JONATHAN BASSETT *versus* MOSES BASSETT & *al.*

A deed of warranty duly executed and delivered, but unrecorded, of one undivided half of certain lands therein described, may, by consent of the parties thereto, be altered by erasing the words "one undivided half of;" and a re-delivery of such altered deed will render it effectual to convey the whole of the premises without a re-acknowledgment.

ON REPORT.

WRIT OF ENTRY. Writ dated July 18, 1865. Plea, general issue, with brief statement averring the title to the demanded premises to be in the defendant Reuben Weeks, and that the defendant Bassett was in possession under him.

The deed from Moses Bassett to Reuben Weeks, covering the premises, was duly executed, delivered, acknowledged and recorded, June 21, 1865. The remaining facts sufficiently appear in the opinion.

*Libbey & Snow,* for the plaintiff.

*J. Baker,* for the defendants.

WALTON, J. — This is a real action, and is referred to the law court on a report of the evidence.

The suit is between father and son. In 1844, the father deeded to his son an undivided half of his farm. In 1850, he deeded the other half. The son then held the title to the whole. In 1852, the son re-deeded to the father an undivided half of the farm. In 1864, he agreed to re-deed the other half. To effect this, he took the deed of 1852, which had not then been recorded, and, with the consent of the father, erased the words " one undivided half of." The deed then in terms purported to convey the whole of the farm. The deed was then delivered anew, and put on record. If the alteration and re-delivery of the deed was effectual to convey the whole of the farm, the plaintiff admits that this action cannot be maintained. We have no doubt such was the effect. Our reasons for this conclusion are stated in the opinion in another suit between these parties, in which the son claims to recover of the father the value of one-half of the premises thus conveyed. See p. 130.

*Judgment for defendants.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and TAPLEY, JJ., concurred.